UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| Kuang Ming Chan, | ) |
|     Plaintiff, | ) Civil Action No. 05-CV-4196 (JLL) |
|     v. | ) |
| Merrill Lynch, Pierce, Fenner & Smith Inc., E. Stanley Peck and Bressler, Amery & Ross, P.C., | ) REPORT & RECOMMENDATION </br> ) |
|     Defendants. | ) |

## **INTRODUCTION**

    This matter comes before me on the motion of defendant Bressler, Amery & Ross, P.C. ("BAR") to dismiss this civil action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Judge Linares has referred the motion to me. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## **BACKGROUND**

    Plaintiff Kuang Ming Chan ("Chan") is domiciled in Bergen County, New Jersey. BAR is a professional corporation organized under the laws of New Jersey with its principal place of business in Florham Park, New Jersey.

    On or about May 14, 2004, Chan initiated an arbitration proceeding before the National

1

Association of Securities Dealers ("NASD") entitled, "Kuang Ming Chan v. Merrill Lynch, Pierce, Fenner and Smith Incorporated and E. Stanley Peck, Jr.," NASD Arbitration No. 04-03573 (the "arbitration"). Chan alleged that defendants Merrill Lynch, Pierce, Fenner and Smith Inc., ("Merrill Lynch") and E. Stanley Peck, Jr. ("Peck"), made unsuitable recommendations for Chan and his Merrill Lynch investment accounts in violation of various provisions of the Securities Exchange Act of 1934 ("SEA"), 15 U.S.C. §§ 78a et. seq. BAR served as Merrill Lynch's counsel during the arbitration. Merrill Lynch and Peck denied the allegations and, on July 14, 2004, the parties began a four-day hearing on the merits. On or about July 27, 2005, a panel of arbitrators issued an award denying Chan's claims in their entirety and ordering the expungement of all reference of the arbitration from Peck's Central Registration Depository records.

On or about August 24, 2005, Chan commenced this action, seeking to vacate the arbitration award based on the alleged partiality and bias of the arbitrators. Chan further alleged that BAR engaged in abusive and harassing activity during the arbitration. On March 2, 2006, BAR filed the pending motion to dismiss, arguing that this Court lacks subject matter jurisdiction.

## DISCUSSION

This Court may hear a motion to vacate an arbitration award if the plaintiff establishes the existence of federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under Section 1331, federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a

substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Under Section 1332(a)(1), diversity jurisdiction exists when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties. Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998).

Here, Chan argues that this Court has subject matter jurisdiction based on the following: (1) the arbitrators violated 9 U.S.C. § 10(a), ("FAA"), by conducting the hearings in a partial and biased manner; (2) Merrill Lynch and Peck violated the SEA, Sections 6 and 15, by making unsuitable recommendations for Chan and his Merrill Lynch investment accounts; and (3) BAR violated the "Defame, and Federal law Anti tampering Act." The issue is whether these allege federal question jurisdiction or whether there is diversity of citizenship.

It is well-settled that a federal court must have an independent basis for federal jurisdiction to consider claims under the FAA. See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 (1983):

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise. . . . there must be diversity of citizenship or some other independent basis for federal jurisdiction . . . [for] enforcement of the Act is left in large part to the state courts.

460 U.S. at 26. Therefore, a federal court cannot entertain a motion to vacate an arbitration award pursuant to §10 of the FAA unless the plaintiff can establish an independent basis for diversity or federal question jurisdiction.

BAR argues that diversity jurisdiction does not exist because Chan is domiciled in New Jersey and it is a corporation that is incorporated and has a principal place of business here.

Section 1332(a)(1) requires complete diversity of citizenship, which means that diversity jurisdiction is destroyed by the presence of a single plaintiff that is a citizen of the same state as a single defendant.  Wisconsin Dep't of Corr., 524 U.S. at 389.  Under Section 1332(c)(1), a corporation is a citizen of the state where it is incorporated and of the state where it maintains its principal place of business.  Since Chan is a citizen of the same state as BAR, diversity jurisdiction does not exist.  Therefore, this Court can exercise jurisdiction only if a federal question exists.

       Chan's claim that Merrill Lynch and Peck's violations of Sections 6 and 15 of the SEA grant this Court federal question jurisdiction to vacate an arbitration award lacks merit.  Federal statutes can create federal question jurisdiction over a particular matter only if these are unambiguous in authorizing federal question jurisdiction.  See, e.g., American National Red Cross v. S.G., 505 U.S. 247, 250-57 (1992) (holding that Congress' charter for corporation creates federal question jurisdiction only if it explicitly refers to federal courts).  Section 27 of the SEA grants federal courts exclusive jurisdiction over suits involving violations of that title.  However, it does not explicitly grant federal courts jurisdiction to vacate an arbitration award in a matter arising from violations of Sections 6 and 15.  Further, Sections 6 and 15 do not explicitly grant federal courts such jurisdiction.  Therefore, the SEA does not confer federal question jurisdiction.  See Garrett v. Merrill Lynch, 7 F.3d 882, 885 (9th Cir. 1993) (holding that since Section §10(b) of the SEA does not explicitly provide independent basis for federal question jurisdiction over petition to vacate arbitration award under FAA, court would not imply jurisdiction).

       Chan also alleges: "Plaintiff was accused as a thief, and had violated Tax law.  In this

accusation [BAR] tried to influence Arbitrator. Violated Defame, and Federal law Anti tampering Act [sic]." I am unaware of any federal statutes that govern defamation. Chan may state a State cause of action for which diversity of citizenship is a necessary basis for subject matter jurisdiction. I am also unaware of any federal "anti-tampering" statute that would govern Chan's allegations and afford him a private federal cause of action.

## CONCLUSION

For the reasons set forth above, I recommend that this action be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

s/ Ronald J. Hedges_____<br>
United States Magistrate Judge

Original:   Clerk

cc:   All addresses
      Hon. Jose L. Linares, U.S.D.J.
      File